W. R. ADAMS v. CLYDE BESHEARS AND WIFE, DEWIE L. BESHEARS AND OSLER LANKFORD AND WIFE, JEANNETTE B. LANKFORD.

(Filed 4 November, 1964.)

**Highways § 13; Easements § 4—**

Allegations to the effect that plaintiff and his predecessors in title had used a cartway with definite boundaries across the lands of defendants to a highway as the only ingress and egress to a public way, that such use was adverse to defendants and their predecessors in title for more than 100 years, *held* to state a cause of action to establish an easement by prescription and not one to establish a neighborhood public road, and therefore demurrer on the ground that the clerk had exclusive original jurisdiction should have been overruled.

APPEAL by plaintiff from *McLaughlin, J.,* June 1964 Special Session of WILKES.

Action to restrain defendants from interfering with plaintiff's right to use a road extending from plaintiff's 84-acre tract across defendants' (adjoining) 10.35-acre tract to hard surface road No. 1514.

Plaintiff alleged, *inter alia,* the following: The road across defendants' said tract is the only way of ingress and egress from No. 1514 to plaintiff's said tract and tenant houses thereon. This road "has been used by the plaintiff and his predecessors in title continuously and exclusively under well defined and specific lines and adversely to the defendants and their predecessors in title for more than 100 years . . ." Defendants purchased their tract with full knowledge of said road and plaintiff's *easement* therein.

Defendants answered. Thereafter, when the case was called for trial, defendants demurred *ore tenus.* Defendants asserted, as ground for demurrer, that the superior court had no jurisdiction for that the facts alleged in the complaint "plead a cause for the establishment of a neighborhood public road, and . . . allege a special proceeding . . . required to be instituted before the Clerk Superior Court."

The court entered judgment sustaining the demurrer *ore tenus,* dismissing the action and taxing plaintiff with the costs. (A temporary restraining order was continued in effect pending decision on appeal and "final disposition" of the cause.) Plaintiff excepted and appealed.

*E. James Moore for plaintiff appellant.*
*Ralph Davis and Moore & Rousseau for defendant appellees.*

PER CURIAM. In our view, the cause of action alleged by plaintiff is that he has an easement appurtenant to his tract, acquired by prescription, as a way of access between his tract and No. 1514. Plaintiff,

by brief, asserts this is his alleged cause of action. His complaint does not use the phrase "neighborhood public road," and he does not contend his alleged cause of action is for the establishment of such road.

Defendant, if so advised, may move that the court require the complaint "to be made definite and certain by amendment." G.S. 1-153.

Reversed.